Complainant (as purchaser) seeks specific performance of a written contract for the conveyance of real estate in Atlantic City, New Jersey.
The agreement is dated November 2d 1945; it provides for settlement at the office of the Chelsea Title and Guaranty Company (in Atlantic City) on May 1st, 1946, at ten o'clock in the forenoon.
The sellers, and the purchaser, respectively claim to have made tender of performance at the stipulated time and place. However, these tenders were not made simultaneously. Defendants, the sellers, appeared at the title company offices promptly at ten o'clock in the forenoon, Eastern Daylight Saving Time, the official standard of time in force in New Jersey on May 1st, 1946. Finding that the complainant had not appeared, the defendants exhibited to Mr. Roberts, treasurer of the title company, a duly executed deed of conveyance for the property described in the agreement, and departed.
The agreement of sale had been twice assigned. The last assignee was one Harry Lopatin, of Washington, District of Columbia. The testimony discloses that Mr. Lopatin came to Atlantic City from his home in Washington on the evening of April 30th, 1946. The following morning, that is, May 1st, 1946, at 9:00 A.M., Eastern Standard Time (10:00 A.M., Eastern Daylight Saving Time) he telephoned the title company *Page 20 
in reference to the settlement. He was informed that the sellers were, at that moment, in the offices of the title company. Mr. Lopatin was but a few blocks distant. Within ten or fifteen minutes he arrived at the Chelsea Title and Guaranty Company offices, only to find that the defendants had departed. Shortly thereafter — at about 10:20 A.M., Eastern Daylight Saving Time — complainant Ethel Kilpatrick appeared at the place of settlement. Then she left and was absent long enough to go to a bank and cash a check. Returning, she exhibited to Mr. Roberts the balance of the purchase money called for by the agreement. The purchasers remained at the title company offices until after 10:00 A.M., Eastern Standard Time (11:00 A.M., Eastern Daylight Saving Time), prepared and ready to make settlement.
The defendants, claiming a default upon the part of the complainant, refused to convey.
The contract provides that time shall be of the essence. If performance of the contract, with respect to the hour of settlement, is to be measured by Eastern Standard Time, the complainant must be held to have made a timely tender of performance; if performance is to be measured by Eastern Daylight Saving Time, then the complainant must be held to have failed in that respect. Cf. Doctorman v. Schroeder, 92 N.J. Eq. 676;114 Atl. Rep. 810, wherein our Court of Errors and Appeals adopted the opinion of Vice-Chancellor Leaming.
In 1942 the New Jersey legislature enacted chapter 7, P.L.1942 — N.J.R.S. 1:1-2.3:
"The standard time of this State shall be one hour in advance of the time of the seventy-fifth meridian west from Greenwich, and wherever time is named within this State, in any manner whatsoever, it shall be deemed and taken to be such standard time except where otherwise expressed.
"This act shall take effect at two o'clock ante meridian on the ninth day of February, one thousand nine hundred and forty-two, and this act shall cease to be in effect six months after the termination of the present war or at such earlier date as the Congress of the United States shall by concurrent resolution or otherwise designate that the standard of time shall be returned to the mean astronomical time of the degree of longitude governing the standard of time for the first zone established pursuant to an act of Congress entitled `An *Page 21 
act to save daylight and to provide standard time for the United States,' approved March nineteenth, one thousand nine hundred and eighteen, as amended, and at two o'clock ante meridian of the last Sunday in the calendar month following the calendar month during which this act ceases to be in effect the standard time of this State shall be the time of the seventy-fifth meridian west from Greenwich, and thenceforth wherever time is named within this State, in any manner whatsoever, it shall be deemed and taken to be such standard time except where otherwise expressed."
By force of its terms, the statute must expire six months after the end of World War II, or when "the Congress of the United States shall by concurrent resolution or otherwise designate that the standard of time shall be returned to the mean astronomical time of the degree of longitude governing the standard of time for the first zone." New Jersey is in the first zone.
By an act approved September 25th, 1945, the Congress of the United States enacted H.R. 3974, which reads as follows:
"Notwithstanding the provisions of the Act of January 20, 1942, entitled `An Act to promote the national security and defense by establishing daylight saving time' at 2 o'clock antemeridian on Sunday, September 30th, 1945, the standard time of each zone established pursuant to the Act entitled `An Act to save daylight and to provide standard time for the United States' approved March 19, 1918, as amended, shall be returned to the mean astronomical time of the degree of longitude governing the standard time for such zone as provided in such Act of March 19, 1918, as amended."
By chapter 97, P.L. 1946, approved April 17th, 1946, the New Jersey legislature amended R.S. 1:1-2.3 to read as follows:
"The standard time of this State shall be the time of the seventy-fifth meridian west from Greenwich, and wherever time is named within this State, in any manner whatsoever, it shall be deemed and taken to be such standard time except that the time of this State shall be one hour in advance of such prescribed time from the last Sunday in April until the last Sunday in September and except where otherwise expressed.
"This act shall take effect immediately."
Thus it will be observed that when the contract with which we are here concerned was entered into Eastern Standard *Page 22 
Time prevailed in this state. I am satisfied that performance must be measured by that standard. The enactment, after the rights and obligations of the parties had been fixed by their agreement, of a statute which would have the effect of shortening, however little, the time within which those obligations should be met, cannot prevail over the contract. The New Jersey Constitution of 1844 prohibits the impairment of the obligation of contracts (Article IV, section 7, paragraph 3).
Mr. Justice Depue, speaking for our state Supreme Court, inBaldwin v. Flagg, 43 N.J. Law 495, says (at p. 503):
"It is perfectly clear that any law which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulations in the contract, necessarily impairs it, and the manner or degree in which this change is effected can in no respect influence the conclusion. Any deviation from its terms, by postponing or accelerating the period of performance which it prescribes, imposing conditions not expressed in the contract, or dispensing with the performance of those which are part of the contract, however minute or apparently immaterial in their effect upon it, impairs its obligation."
There is testimony in the case that, without consulting the defendants herein, someone interested in the transaction had arranged for a settlement at the title company at three o'clock in the afternoon of May 1st. However that may be, the point is unimportant since complainant was present at the proper time and place, ready to make settlement, and has ever since been ready and able to make settlement.
Complainant is entitled to a decree, with costs. *Page 23